

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00099-CR

JAMES FRIEND, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F0439-102

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

James Friend appeals from his conviction of murder. Friend's appellate counsel has filed a motion to supplement the record on appeal and to stay the briefing deadlines. This motion is based on the fact that three motions and one brief presented to the trial court on Friend's behalf do not appear in the clerk's record: (1) defendant's motion to limit jury argument, (2) defendant's motion in limine, (3) defendant's motion to invoke husband-wife confidential communication privilege, and (4) brief in support of admission of certain bad acts of the decedent. According to Friend, the Bowie County District Clerk's Office indicated that the subject documents were not included in the clerk's record because they were not filed in that office. Friend complains that, without copies of the written motions and brief in the clerk's record, he is unable to determine whether the denial of those motions present points of error for appeal. Ultimately, Friend seeks an abatement to the trial court for correction of what he deems an inaccurate clerk's record.

It is a party's responsibility to file all motions or other documents he wishes to appear in the district clerk's file. *See* TEX. R. CIV. P. 21. Documents not filed with the district clerk will typically not appear in the clerk's record. The fact that the missing motions and brief do not appear in the district clerk's record indicates that Friend failed to file them with the district clerk. Here, however, the reporter's record indicates that at least one of the above-listed documents may have been filed by the trial court.

We, therefore, abate this appeal to the trial court pursuant to Rule 34.5(d) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.5(d). The trial court is to conduct a hearing and determine whether one or more of the aforementioned documents was filed with the trial court.

2

Each such document that is found to have been filed by the trial court is to be included in a supplemental clerk's record in accordance with Rule 34.5(c) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 34.5(c).

The hearing shall be conducted by the trial court within twenty days of the date of this order, or on or before November 24, 2015. The trial court's findings concerning the above matter shall be submitted to this Court in the form of a supplemental clerk's record, together with each such document listed above that was filed by the trial court. The supplemental clerk's and reporter's records of that hearing shall be prepared immediately and shall be **received** by this Court no later than December 4, 2015. No extensions will be granted.

All appellate timetables are stayed and will resume on our receipt of either the supplemental clerk's or reporter's record.

IT IS SO ORDERED.

BY THE COURT

Date: November 4, 2015